IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAN OUCH,    CASE NO. 2:08-cv-306
              JUDGE WATSON
    Petitioner,    MAGISTRATE JUDGE KEMP

v.

DEBORAH TIMMERMAN-COOPER, Warden,

    Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed without prejudice as unexhausted.

### I. PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> By indictment filed March 29, 2002, defendant was charged with two counts of felonious assault in violation of R.C. 2903.11; each count carried two firearm specifications. On October 24, 2002, defendant entered a guilty plea to both charges, without the firearm specifications, and stipulated that he acted as a complicitor in the offenses. The trial court accepted defendant's guilty plea and sentenced defendant accordingly; the court issued a judgment entry of conviction on November 8, 2002.
>
> On August 15, 2005, pursuant to Crim.R. 32.1, defendant filed a pro se motion to withdraw his guilty plea, contending, as pertinent to this appeal, that (1) the trial court failed to comply with R.C. 2943.031, and (2) trial counsel was ineffective in

> failing to advise him of the consequences of his guilty plea on his immigration status. Defendant requested an evidentiary hearing.
>
> Without holding an evidentiary hearing, the trial court issued a decision and entry on May 1, 2006, denying defendant's motion to withdraw his guilty plea. Defendant appeals, assigning two errors:
>
> ASSIGNMENT OF ERROR No. I:
>
> THE TRIAL COURT COMMITTED ERROR THAT WAS PREJUDICIAL WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA, WHEN OHIO REVISED CODE § 2943.031(D) MANDATES THE JUDGEMENT [sic] OF CONVICTION BE SET ASIDE AND APPELLANT BE PERMITTED TO WITHDRAW HIS PLEA IN THE ABSENCE OF THE ADVISEMENT OF OHIO REVISED CODE § 2943.031(A).
>
> ASSIGNMENT OF ERROR No. II:
>
> DID THE TRIAL COURT ABUSED [sic] ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

*State v. Ouch*, 2006 WL 3805676 (Ohio App. 10 Dist. December 28, 2006). On December 28, 2006, the appellate court held that the trial court abused its discretion in failing to hold a hearing, reversed the judgment of the trial court and remanded the case to the trial court. *Id*. On June 6, 2007, the Ohio Supreme Court dismissed the subsequent appeal. *State v. Ouch*, 114 Ohio St.3d 1410 (2007); *see also Exhibits to Petition*. The record before this Court does not reflect that the trial court has held a hearing on petitioner's motion to withdraw his guilty plea pursuant to the remand of the Ohio Tenth District Court of Appeals.

On April 2, 2008, petitioner filed the instant petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Chan Ouch was deprived of his constitutional rights to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution, when the trial judge denied his motion to withdraw guilty plea pursuant to Crim. R. 32.1 based upon his claim the statutory language of Ohio Revised Code §2943.031(D) which mandates a court to permit[] him to withdraw his guilty plea when the plea hearing records [are] absent of the trial judge given him [sic] the statutory advisement of Ohio Revised Code §2943.031(A) consequences of his guilty plea on his immigration status.
>
> 2. The Tenth District Court of Appeals deprived Chan Ouch of his constitutional rights to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution when the Tenth District Court of Appeals refused to permit Chan Ouch to withdraw his guilty plea pursuant [to] the statutory law of R.C. §2943.031(D) after finding in the Court of Appeals' opinion at ¶25 that despite the state's and trial court's assertions, the record reflects that the trial court did not personally address Chan Ouch, provide the advisement to Chan Ouch, and inquire of Chan Ouch whether he understood the prospect of deportation, exclusion, or denial of naturalization.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S.

838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v.Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner asserts in both claims presented for federal habeas corpus relief, that the state courts improperly denied his motion to withdraw guilty plea; however, the record before this Court indicates that the appellate court remanded the case to the trial court for a hearing on petitioner's motion to determine whether defense counsel properly advised petitioner of the potential adverse ramifications of his guilty plea on his immigration status. *See State v. Ouch, supra.* Petitioner does not indicate that the trial court has yet conducted a hearing on his motion or issued a ruling pursuant to the remand of the state appellate court. Further, and assuming it has done so, petitioner must file an appeal from that decision to the Ohio appellate court as well as the Ohio Supreme Court in order properly to exhaust state court remedies as to his claims. In the absence of any indication that the trial court has yet to hold a hearing on petitioner's motion pursuant to the appellate court's remand, it appears that the statute of limitations on petitioner's claims regarding the trial court's denial of petitioner's motion to withdraw guilty plea has not yet run, and therefore, that a stay of proceedings is not now appropriate in this case. *See Rhines v. Weber*, 544 U.S. 276 (2005); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. It is further ordered that petitioner be allowed to proceed with this action without prepayment of fees or costs.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge